SIMON UERTZ, RESPONDENT, v. THE SINGER MANUFACTURING COMPANY, J. THOMAS JONES AND OTHERS, APPELLANTS.

*Action by a husband for an assault upon his wife — the special damages sustained must be alleged in the complaint — general exception to evidence — when it is unavailing.*

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury, and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

The action was brought to recover damages for the wrongful taking of a sewing machine from the plaintiff, and for a wrongful

assault committed upon his wife, who resisted the officer when he removed the machine.

The court at General Term, after considering other objections, said : " It is urged, in behalf of the appellants, that it was error to admit evidence of, and permit the plaintiff to recover for, the prospective loss of services of the wife, in the absence of an allegation in the complaint that the injuries were permanent, and that the wife would be less able to discharge her duties to the plaintiff in the future. When a plaintiff proves that his person has been injured, the law implies damages, and he may recover such as necessarily and immediately flow from the injury (which are called general damages), under a general allegation that damages were sustained, but if he seeks to recover damages for consequences which do not necessarily and immediately flow from the injury (which are called special damages), he must allege that special damages were sustained. A plaintiff cannot recover the general damages occasioned by an injury to his wife, child or servant, for those damages belong to and are recoverable only by the person injured. In such a case the law does not imply that the plaintiff has sustained damages, and his right to recover is limited to such special damages as he has sustained, which are the gist and only foundation for the action, and, unless such damages are alleged, no cause of action is alleged, and only such as are alleged can be proved, if duly objected to. It is not alleged in the complaint that the injuries sustained by the wife are permanent, or that she will be less able, in the future, to render services by reason of the injuries; nor is it alleged that erysipelas or any unusual condition ensued from the injuries, and evidence of these facts was inadmissible under the complaint, had it been objected to on that ground. (*Gilligan* v. *N. Y. and Harlem R. R. Co.*, 1 E. D. Smith, 453 ; *Stevens* v. *Rodger*, 25 Hun, 54 ; *Whitney* v. *Hitchcock*, 4 Denio, 461 ; 2 Thompson on Negligence, 1250, §§ 32 and 33 ; 2 Sedg. on Dam. [7th ed.], 606 ; 1 Chitty's Pldgs. [16 Am. ed.], 411, 515 ; Mayne on Damages, chap. 17 ; Heard's Civil Pldgs., 310 to 314.) But no objection to this class of evidence was interposed, on the ground that it was inadmissible under the complaint. The objection interposed as " incompetent and immaterial " is insufficient to raise the question. (*Gibson* v. *Stetzer*, 3 Hun, 539 ; *Atkins* v. *Elwell*, 45 N. Y., 753.)

Objections, to be available on appeal, must point out the particular reason why the evidence is inadmissible, unless it is inadmissible for any purpose." * * *

*William Townsend* and *S. M. Lindsley*, for the appellants.

*John W. Boyle*, for the respondent.

Opinion by FOLLETT, J.; HARDIN, P. J., and BOARDMAN, J., concurred.

Judgment and order reversed and a new trial ordered, upon defendants paying costs and disbursements of last trial, costs of the appeal to abide the event. If costs and disbursements of trial are not paid, judgment and order affirmed.